**Linda ARTIS, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, of Social Security Administration, Defendant—Appellee.**

No. 02–57092.

D.C. No. CV–01–00751–RZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided May 12, 2004.

Lawrence D. Rohlfing, Rohlfing Law Firm, Santa Fe Springs, CA, Steven G.

Rosales, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Jean M. Turk, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Linda Artis appeals the district court's decision affirming the Commissioner of Social Security's determination that she did not qualify for disability insurance benefits under Title II of the Social Security Act. Artis claims that the district court erred in holding that the Commissioner's denial of disability benefits was supported by substantial evidence in the record. We review the Commissioner's decision that a claimant is not disabled for "substantial evidence." *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir.1992). We find that the Commissioner's determination that Artis did not suffer from severe impairment prior to December 31, 1995, her date last insured, was supported by substantial evidence and affirm.

Under Title II of the Social Security Act, a person is disabled if, because of a medically determinable impairment, the individual cannot work or engage in substantial gainful activity for a period of twelve continuous months. *See* 42 U.S.C. §§ 423(d)(1), (2). Artis bears the burden of establishing the existence of a severe impairment, and ultimately disability, prior to the last date insured. *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1998); *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). Artis failed to meet her burden since she was unable to show that

any of the impairments she was diagnosed with prior to her last date insured caused significant limitations in her ability to work for twelve continuous months.

The documentary evidence and expert testimony in the record support the decision of the Administrative Law Judge (ALJ) that Artis was not disabled prior to December 31, 1995. Artis repeatedly emphasizes that she suffered from "medically-determinable" impairments prior to her last date insured. However, the mere existence of impairments is not proof of a disability. *See Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir.1993). The claimant must also show that her problems were so functionally limiting as to prevent her from engaging in any substantial gainful activity for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A); *Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1459 (9th Cir.1995); 20 C.F.R. § 404.1509 (2003).

The only treatment Artis received prior to her last date insured was for "nonsevere" impairments, namely controlled diabetes and hypertension. Artis failed to demonstrate that these impairments caused any significant functional limitations or that they had more than a slight effect on her ability to work. As the ALJ correctly observed, Artis received only "mild and conservative" treatment for these impairments. Such evidence supports the ALJ's conclusion that none of Artis's impairments prior to her automobile accident were "severe." *See Flaten,* 44 F.3d at 1464 (stating that the minimal treatment afforded to claimant's impairment "fully support[ed] the ALJ's decision to discredit [claimant's] testimony and find that her impairment during the intervening period had not rendered her disabled

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

before the expiration of her insured status").

The ALJ also relied on the opinion of a medical expert in concluding that Artis's impairments did not cause any significant functional limitations prior to the last date she was insured. Dr. Anderson testified that the majority of Artis's current problems were caused by her October 1996 automobile accident, which occurred 10 months after her insurance expired. Dr. Anderson concluded that she could find no impairments that caused limitations prior to Artis's last date insured. This opinion is consistent with the opinion of Artis's treating physician, who stated that the automobile accident was responsible for her back condition. "The opinions of non-treating or non-examining physicians may ... serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002).

In sum, although the record does indicate that Artis was diagnosed with several medical conditions prior to her last date insured, the record does not indicate that she suffered from any significant functional limitations prior to her automobile accident. Artis failed to carry her burden of proof and the ALJ properly concluded, based on substantial evidence, that her impairments did not pose any significant barrier to her performance of work related activities prior to her last date insured.

**AFFIRMED.**