Fritzi P. ALDRICH, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er of the Social Security Adminis-
tration, Defendant—Appellee.

No. 04–35701.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Oct. 21, 2005.

Tim D. Wilborn, Esq., West Linn, OR,
for Plaintiff–Appellant.

Craig J. Casey, Esq., Office Of The U.S.
Attorney, Portland, OR, L. Jamala Ed-
wards, Esq., Office of the General Counsel,
Seattle, WA, for Defendant–Appellee.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before: FISHER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Fritzi Aldrich appeals the district court's affirmance of the Social Security Commissioner's denial of her application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–431. The Administrative Law Judge ("ALJ") found that Aldrich retained the capacity to perform a range of light work and could perform the jobs of credit clerk and mortgage clerk.[1] Thus, the ALJ concluded that Aldrich was not disabled within the meaning of the Social Security Act. The Appeals Council declined Aldrich's request for review, and the district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

A claimant who is over the age of fifty-five, limited to light work, and unable to perform past relevant work is disabled unless the ALJ finds the claimant has transferable skills. 20 C.F.R. pt. 404, subpt. P, app. 2. On her date last insured, Aldrich was fifty-eight years old. The ALJ found that Aldrich was limited to light work and was unable to perform her past relevant work. Aldrich asserts that the ALJ erred in finding that she gained transferable skills from her prior work and that she can perform the positions of credit clerk and of mortgage clerk.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Our review is de novo. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We may only

■ The ALJ's finding that Aldrich possessed transferable skills is supported by substantial evidence. A "skill" is "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level." *See* Social Security Report ("SSR") 82–41, *available at* 1982 WL 31389. Not only did the vocational expert ("VE") testify that Aldrich possesses the skills of bookkeeping and working with the public, employees, and supervisors, but also Aldrich noted that she gained skills from her prior positions; in her Work History Reports, Aldrich indicated that her prior positions as a customer service supervisor and leasing agent used "technical knowledge or skills."

The ALJ's determination that Aldrich's skills are transferable to the positions of mortgage clerk and credit clerk also is supported by substantial evidence. A skill is likely to be transferable to a new job when: (1) the new job requires the same or a lesser degree of skill than the old job; (2) the same or similar tools and machines are used in both jobs; and (3) the same or similar raw materials, products, processes, or services are involved in both jobs. 20 C.F.R. § 404.1568(d)(2)(i)-(iii). It is not necessary for there to be complete similarity of all three factors. § 404.1568(d)(3).

The credit clerk and mortgage clerk positions would not require Aldrich to use a

reverse the ALJ's decision to deny benefits if the decision is not supported by substantial evidence. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1998). Substantial evidence is more than a mere scintilla but less than a preponderance. *Id.* Under this standard, if the record would support more than one rational interpretation, we must defer to the ALJ's decision. *See Morgan v. Commissioner,* 169 F.3d 595, 599 (9th Cir.1999).

greater degree of skill than jobs that she has previously held. A credit clerk is an SVP4 position, and a mortgage clerk is an SVP5 position.[3] *Dictionary of Occupational Titles*, U.S. Dep't of Labor, Nos. 205.367–022, 249.362–014 (4th ed., rev. 1991) ("DOT"). The VE testified that Aldrich developed her skills in part while working as a customer service supervisor, and stated that this was an SVP7 position. Also, Aldrich had worked as a leasing agent, an SVP5 position. *Id.* at No. 205.357–014. Further, the VE testified that Aldrich could use her existing skills to complete the specific positions of credit clerk and mortgage clerk.[4]

■ Aldrich contends that the ALJ's failure to consult a medical expert to determine the onset date of Aldrich's disability was error. To obtain disability benefits, Aldrich must prove that she was disabled before her last insured date, which was June 30, 1998. *See* 42 U.S.C. § 423(c); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). When there is an ambiguity as to the onset date of the disability, the ALJ must assist the claimant in creating a complete record by inferring an onset date. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). This assistance may require the ALJ to call a medical expert to testify. *Id.* The claimant, however, retains the ultimate burden to prove that the disability exists. *Id.* The ALJ's determination that Aldrich was not disabled prior to June 30, 1998 was supported by substantial evidence. The ALJ was not required to call a medical expert to establish an onset date.

AFFIRMED.

---

**3.** The DOT provides a Specific Vocational Preparation ("SVP") time for each described occupation. *See* SSR 00–4p, *available at* 2000 WL 1898704. The SVP corresponds to the level of skill required to complete a given job. *Id.*

**4.** The ALJ stated that Aldrich obtained her transferable skills from her past semi-skilled work, which consists of SVP3 positions. This finding, however, is not consistent with the rest of the ALJ's decision in which he identifies as transferable skills those skills that the VE testified originated from Aldrich's semi-skilled and skilled positions.