Judy THUESEN, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 04–35513.

D.C. No. CV–03–05422–RBL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2006.*

Decided March 14, 2006.

Elie Halpern & Associates, PS, Olympia, WA, for Plaintiff–Appellant.

Leisa Wolf, David R. Johnson, SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM**

Judy Thuesen appeals the district court's affirmance of the Social Security Commissioner's denial of her application for Title II Social Security disability benefits. Thuesen injured her back in a slip-and-fall accident in April 1996 and has been diagnosed with fibromyalgia.[1] The Administrative Law Judge ("ALJ") found that Thuesen retained the capacity to perform a limited range of sedentary work and therefore was not disabled. The Appeals Council declined Thuesen's request for review, and the district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Our review is de novo. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We may reverse the ALJ's decision to deny benefits if the decision is not supported by substantial evidence. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999). Substantial evidence is more than a mere scintilla but less than a prepon-

The district court did not err in declining to remand the case to allow the Commissioner to consider evidence Thuesen submitted after her hearing because the evidence is not material to the ALJ's determination that Thuesen was not disabled prior to December 31, 2001, her date last insured. *See Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001).

The ALJ gave clear and convincing reasons, supported by substantial evidence, for finding Thuesen's testimony not credible. *See Rollins v. Massanari,* 261 F.3d 853, 856–57 (9th Cir.2001). The ALJ noted that Thuesen's daily activities and medical records were inconsistent with her testimony regarding her symptoms. Further, the ALJ also provided reasons, supported by medical records and vocational evaluations, why Thuesen's testimony that she could not work was not credible. Even if we conclude that the record permitted a different assessment of Thuesen's credibility, we cannot say that substantial evidence does not support the ALJ's decision. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002).

Thuesen contends that the ALJ improperly rejected the medical opinions of her treating physician, Dr. Allen, and the lay testimony of Sherry Goddard and Thuesen's husband. The ALJ did not reject Dr. Allen's medical opinions. Rather, the ALJ considered the opinions and incorporated Dr. Allen's assessment of Thuesen's physical limitations into the Residual Functional Capacity ("RFC") assessment. Similarly, the ALJ did not reject a letter to the record that Sherry Goddard submitted regarding Thuesen's failed attempt to work in Goddard's auto repair business following Thuesen's injury, but instead incorporated the content of the letter into the RFC assessment. Also, the record is unclear as to whether the ALJ rejected Thuesen's husband's testimony. The ALJ summarized it and considered it, but noted that in assessing the husband's testimony, his bias "cannot be entirely ignored." Moreover, if the ALJ rejected the husband's testimony without providing a germane reason for doing so, substantial evidence nonetheless supports the ALJ's decision that Thuesen was not disabled. *See Smolen v. Chater,* 80 F.3d 1273, 1289 (9th Cir.1996).

Finally, the assertion that Thuesen is not able to work full time—because she is restricted not to work consecutive days and must rest after 30–40 minutes of work—is not supported by substantial evidence in the record. Thus, the ALJ did not err by omitting these restrictions from the RFC assessment and relying on the vocational expert's testimony that was based on the RFC. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005); *Magallanes v. Bowen,* 881 F.2d 747, 757 (9th Cir.1989). Substantial evidence in the record supports the ALJ's determination that Thuesen could do a limited range of sedentary work and could perform in jobs that are available in substantial numbers in the national economy. *See Barker v. Sec'y of Health and Human Servs.,* 882 F.2d 1474, 1478–80 (9th Cir.1989).

**AFFIRMED.**

derance. *Id.* Under this standard, if the record would support more than one rational interpretation, we must defer to the ALJ's deci-

sion. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999).