Judith FERGUSON, Plaintiff–
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 04–57157.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed March 23, 2007.

* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration. Fed.
R.App. P. 43(c)(2).

720

John Ohanian, Esq., John Ohanian, Esq., Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Shea Lita Bond, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

### MEMORANDUM **

■ The administrative law judge's ("ALJ") decision that Ferguson had the residual functional capacity to perform unskilled, medium exertion work was supported by substantial evidence and free from legal error. *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999). The ALJ gave specific, cogent reasons supported by substantial evidence for disbelieving Ferguson's testimony regarding her symptoms and disability. *See Lester v. Chater,* 81

** This disposition is not appropriate for publication and is not precedent except as provid ed by 9th Cir. R. 36–3.

F.3d 821, 834 (9th Cir.1996). Among other reasons, the ALJ identified inconsistencies in Ferguson's testimony and the lack of objective backing for her claims.

■ The ALJ also gave clear reasons supported by substantial evidence for discounting the checkbox forms of treating physicians Drs. O. Troum and Okpara, including the fact that neither form was supported by objective medical evidence, *see Batson v. Comm'r of Soc. Sec.,* 359 F.3d 1190, 1195 (9th Cir.2004), and that Dr. Okpara's form was completed more than four years after the expiration of Ferguson's insured status, *see Tidwell,* 161 F.3d at 602. The ALJ properly discounted Dr. Schatz's report, because Ferguson made a poor effort during her examination and because the report relied on Ferguson's subjective complaints. *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989). Further, the ALJ's finding that Claimant's mental condition would not preclude her from engaging in unskilled work was consistent with the opinion of Dr. Ravin, who recommended her for vocational rehabilitation training.

■ The ALJ did not fail to develop the record fully, *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983) (per curiam), as there was ample physician evidence and no direct conflict in the testimony of Drs. Weingarten and Mondry–Burke regarding the meaning of the term "functional overlay." Further, the ALJ properly consulted the grids for her assessment of available jobs, because Ferguson had both exertional and nonexertional limitations, *see Polny v. Bowen,* 864 F.2d 661, 663 (9th Cir.1988), and because the vocational expert's testimony regarding available jobs was in response

to a hypothetical that was not based on the ALJ's findings regarding Ferguson's limitations.

■ Finally, Ferguson is not entitled to remand to the Appeals Council for reconsideration of Drs. Cox and Cohen's reports because Ferguson failed to show good cause for not submitting the reports sooner. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir.2001).

**AFFIRMED.**