Patricia STILES, Plaintiff—Appellant,

v.

**Michael J. ASTRUE \*, Commissioner of Social Security, Defendant— Appellee.**

No. 05–17367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 30, 2007.

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Dennis A. Cameron, Reno, NV, for Plaintiff–Appellant.

Eric K.H. Chinn, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: ROTH **, THOMAS, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Patricia Stiles appeals from the district court's decision, affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have juris-

---

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction pursuant to 28 U.S.C. § 1291, and we affirm.

As the facts are well known to the parties, we give only a brief description of the relevant issues and procedural posture of the case.

Stiles applied for disability insurance benefits in August 2002, alleging disability since December 2001 due to fibromyalgia, irritable bowel syndrome, chronic neuromuscular pain, memory loss, migraines, and loss of muscle control. A hearing was held before the Administrative Law Judge (ALJ) on January 7, 2004. In denying her application, the ALJ found that Stiles was not disabled for purposes of the Social Security Act [1] based on the following findings: (1) Stiles' severe impairments included fibromyalgia syndrome, a myofascial type of pain syndrome, chronic headaches, and cervical degenerative joint disease; however, no combination of her impairments met or medically equaled the severity of any impairment found in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1; (2) Stiles' subjective complaints of pain and other disabling limitations were not fully credible and her assertion that she was unable to perform all regular, sustained work activity was not credible; (3) Stiles had the residual functional capacity to perform light work on a sustained basis; and (4) Stiles' residual functional capacity would not preclude her from performing her past relevant work as a cashier or as a telemarketer. On July 30, 2004, after reviewing the ALJ's decision, the Appeals Council denied Stiles' request for benefits, thereby rendering the ALJ's decision as the Commissioner's final decision. Stiles then commenced an action in the district court, seeking judicial review of the Commissioner's final decision. On September 21, 2005, the district court adopted the report and recommendation of a magistrate judge to deny Stiles' motion to reverse and to grant the Commissioner's cross-motion to affirm. Stiles filed this timely appeal.

This Court reviews *de novo* a district court's order upholding a Commissioner's denial of benefits. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001). The Commissioner's decision "may be reversed only if it is not supported by substantial evidence or if it is based on legal error." *Id.*

---

1. The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant will be considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). To determine whether a claimant is disabled, the following five-step sequential evaluation process is used: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. 20 C.F.R. § 404.1520; *see* 20 C.F.R. § 404.1529 (discussing how Social Security Administration evaluates symptoms, including pain). "The claimant carries the initial burden of proving a disability in steps one through four of the analysis. However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) (citation omitted). If at any point in this five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary. *Id.* at (b)–(f). The ALJ found Stiles not disabled at step 4 of the sequential analysis.

To support her argument that the denial of her application for disability insurance benefits was erroneous, Stiles argues that the ALJ improperly discredited the degree of her subjective pain testimony solely on the basis that her testimony was unsupported by objective medical evidence.[2] We disagree. Although an ALJ may not discredit the claimant's testimony as to the degree of her subjective pain symptoms solely on the ground that they are unsupported by objective evidence, *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995), weak objective support does undermine subjective complaints of disabling symptoms. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1998). Most important, the ALJ must give specific, clear, and convincing reasons to reject allegations of subjectively disabling symptoms. *Thomas v. Barnhart,* 278 F.3d 947, 959–60 (9th Cir.2002).

█ We find that the ALJ gave specific, clear, and convincing reasons for rejecting Stiles' allegations of subjectively disabling symptoms. In particular, the ALJ's decision was based on more than a lack of objective medical evidence. The ALJ concluded that

> There is a lack of medical documentation of an impairment which would cause extreme pain or pain which would compromise the claimant's ability to perform work-related activities. The record as a whole does not reveal that Ms. Stiles is precluded from performing all regular,

sustained work activity. The level of medication the claimant takes and her level of daily activities suggest that her pain is controlled sufficiently to enable her to perform work activity. There is no evidence of disuse muscle atrophy or wasting commonly associated with severe pain. Also there is no evidence of attention, concentration, or cognitive deficits from pain. There is no statement by a physician that the claimant experienced severe and unremitting pain. Her daily activities are consistent with basic work-related activities, and she has not participated in the therapeutic treatment normally associated with a severe pain syndrome. Consequently, I find that the claimant's allegations of pain and limitation are not fully credible and not consistent with the medical record (20 C.F.R. 404.1529, Social Security Ruling 96–7p). Although it appears that the claimant experiences some pain due to fibromyalgia, it is not of the degree she alleges.

ER 106. These conclusions of the ALJ, that the subjective complaints were not borne out by the objective findings to be expected, such as muscle wasting, atrophy or loss of sensation due to nerve damage, are based on his review of the medical records, including those of Drs. Ghoshal and Bicocca. ER 105.

█ In sum, substantial evidence warrants the ALJ's reasons for discrediting

---

**2.** An ALJ must engage in a two-stage analysis to determine whether to accept a claimant's subjective symptom testimony: the *Cotton* test and an analysis of the credibility of the claimant's testimony concerning the severity of the symptoms. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). The *Cotton* test requires the claimant to (1) produce objective medical evidence of an impairment or impairments, and (2) show the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom. *Id.* at 1282. Once the two prongs of the *Cotton* test are established, the

ALJ continues with his analysis and may consider at least the following factors when weighing the credibility of the claimant's testimony: (1) her reputation for truthfulness, (2) inconsistencies either in her testimony or between her testimony and her conduct, (3) her daily activities, (4) her work record, and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart,* 278 F.3d 947, 958–59 (9th Cir.2002); *see* SSR 96–7p (1996) (Social Security Ruling discussing assessment of credibility).

Stiles' testimony as to her degree of subjective pain symptoms and her ability to work. The ALJ specifically noted that there was a "lack of ongoing and significant objective clinical findings which would support a finding of disability," that Stiles' range of activities was not consistent with the presence of a disabling level of pain, and that the level of medication Stiles took and her lack of participation in therapeutic treatment suggested that her pain was controlled and that her pain and mental status did not hamper her ability to return to work. The ALJ noted his own observations that "at the hearing, the claimant did not evidence any problems with concentration or memory, and was able to recite in an organized manner specific details of her medical and work history." Finally, the ALJ noted that Stiles demonstrated submaximal effort during a stress test to evaluate her complaints of chest pain.

 Accordingly, we conclude that there is substantial evidence to support the ALJ's reasons for discrediting Stiles' testimony regarding her degree of subjective pain symptoms and her ability to work. Substantial evidence also supports the ALJ's finding that Stiles has the residual functional capacity to perform light work on a sustained basis.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.