161 F.3d 599
 59 Soc.Sec.Rep.Ser. 203, Unempl.Ins.Rep. (CCH) P 16132B,
98 Cal. Daily Op. Serv. 8797,
99 Cal. Daily Op. Serv. 704,
1999 Daily Journal D.A.R. 877,
98 Daily Journal D.A.R. 12,231
Betty TIDWELL, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 97-35863.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Sept. 14, 1998.*
Decided Dec. 2, 1998.
As Amended Jan. 26, 1999.
 
 1
 David B. Lowry, Portland, Oregon, for the plaintiff-appellant.
 
 
 2
 Frank W. Hunger, Assistant Attorney General, Kristine Olson, United States Attorney, Judith D. Kobbervig, Assistant United States Attorney, Lucille G. Meis, Chief Counsel, Seattle Region, Richard H. Wetmore, Assistant Regional Counsel, Seattle, Washington, for the defendant-appellee.
 
 
 3
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding. D.C. No. 97-00018-JJ.
 
 
 4
 Before: J. Clifford WALLACE and Alex KOZINSKI, Circuit Judges, and David Alan EZRA,** District Judge.
 
 EZRA, District Judge:
 
 5
 Appellant appeals from the District Court's decision affirming the Administrative Law Judge's ("ALJ") denial of Appellant's application for disability insurance. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 6
 Our review of the Commissioner's decision is "essentially the same as that undertaken by the district court." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985). Hence, we review de novo the district court's order upholding the Commissioner's final denial of benefits. See Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir.1995). The ALJ's decision denying the disability insurance benefits will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error. See id. Substantial evidence is more than a mere scintilla but less than a preponderance. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995), cert. denied, 517 U.S. 1122, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996).
 
 
 7
 Appellant's insured status expired on September 30, 1992. To be entitled to disability benefits, Appellant must establish that her disability existed on or before this date. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). After a review of the entire record, it is evident that there is substantial evidence to support the ALJ's finding that Appellant failed to establish that she had a severe impairment at any time prior to September 30, 1992. The ALJ discussed and reviewed all of the evidence before him in making his determination. Additionally, the ALJ followed the sequential evaluation required by the regulations. See 20 C.F.R. § 404.1520 (1997).
 
 
 8
 Appellant contends that the ALJ erred in his determination under the second step of the sequential evaluation in finding that Appellant did not establish that she suffered from a severe impairment during her insured status. The record establishes that Appellant complains of back pain, depression and vaginal bleeding. The record is comprised of medical records from various physicians, including symptomatic descriptions, x-rays, a psychological examination, and transcripts of the testimony given by Appellant and her daughter, Danielle Foster, at the hearing before the ALJ.
 
 
 9
 With regard to Appellant's physical ailments, the evidence demonstrates that prior to the conclusion of her insured status she experienced some back pain as well as vaginal bleeding. However, her testimony indicates that in September 1992, she was doing the laundry, cleaning the house, vacuuming, mopping, dusting, and grocery shopping. Each of these activities requires physical functioning and use of her back, and each is inconsistent with Appellant's claim that she suffered from a severe physical disability during this time. Additionally, she told John Scoltock, M.D. that her lumbar pain was intermittent, and that a nonprescription medicine helped with the pain. There is no additional evidence that Appellant was treated subsequently for her lumbar pain.
 
 
 10
 Despite the fact that Appellant was not diagnosed with stress incontinence until 1995, the ALJ considered the vaginal bleeding and her bladder condition, and found insufficient evidence that these conditions amounted to a severe disability. Similarly, the first indication of fibromyalgia did not come until 1995. Even then, the record does not indicate a concrete diagnosis of fibromyalgia. Given all of the evidence in the record, there is substantial evidence that Appellant's physical impairments were not severe prior to the expiration of her insured status.
 
 
 11
 With regard to Appellant's mental impairment, the ALJ specifically requested a post-hearing psychological evaluation to supplement the record. Dr. Robert Kruger, Psy.D., concluded that Appellant did not suffer from a thought disorder or "vegetative signs of depression," but diagnosed her with an undifferentiated somatoform disorder and personality disorder with dependent and passive aggressive features. Despite the fact that the ALJ did not inform Dr. Kruger that the relevant date was September 30, 1992, there is no evidence that these conditions existed prior to 1995. Even if in 1992 Appellant did suffer from the same disorders, since Dr. Kruger found no impairment in her ability to make occupational, performance or personal/social adjustments, these conditions would not amount to a severe mental impairment.
 
 
 12
 Appellant also insists that the ALJ failed to fulfill his duty to develop the record and erred in rejecting the check-the-box form submitted by Dr. Winkler that stated Appellant "has been continuously unable to work" since 1992. In Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996), this court held that if the ALJ needs to know the basis of the doctor's opinion, he has a duty to conduct an appropriate inquiry. At Appellant's hearing, the ALJ concluded that the form submitted by Dr. Winkler was inadequate. He voiced his concerns to Appellant and her counsel, requested an additional inquiry into the basis for Dr. Winkler's opinions and explained that he would keep the record open so that it could be supplemented by the responses from Dr. Winkler. It is important to note that at this point the ALJ satisfied his duty under Smolen.
 
 
 13
 In response to this request, however, Dr. Winkler submitted thirty pages of his charts. The ALJ concluded that these were inadequate because they did not develop Dr. Winkler's initial conclusion that Appellant "has been continuously unable to work" since 1992. The fact that Dr. Winkler did not examine Appellant until November 12, 1993, more than a year after the expiration of her insured status, coupled with other contradictory medical evidence, fully supports the ALJ's determination that Dr. Winkler's submissions were not convincing.
 
 
 14
 Finally, Appellant argues that the ALJ erred in rejecting her subjective testimony of pain and the testimony of her daughter. Appellant testified that she was in too much pain to perform work due to her disability prior to September 30, 1992. However, based upon (1) the medical evidence; (2) the fact that Dr. Scoltock only noted mild levoconvex scoliosis and very minimal joint space narrowing, while finding all other tests normal; (3) the fact that Dr. Scoltock and Dr. McCoy found it unnecessary to treat the abnormalities; (4) Appellant's testimony of her daily activities in September 1992; and (5) Appellant's assertion that a nonprescription medicine aided the intermittent pain, the ALJ's partial rejection of her pain testimony is supported by the record. The ALJ noted that "her efforts to receive disability benefits more credibly come from the stressful living situation which she described to Dr. Scoltock [in November 1993]." Hence, the ALJ articulated several specific, clear, and convincing reasons for partially rejecting Appellant's pain testimony. See id. at 1281.
 
 
 15
 Moreover, he properly rejected the testimony of Appellant's daughter, which was based solely upon her observations of Appellant's facial expressions, the manner in which Appellant walked, and the fact that she had dropped objects. After careful consideration, the ALJ concluded that the testimony of Appellant's daughter "only provided observations which did not establish that the claimant was limited in any matter." The ALJ further explained that the daughter's personal observations provided no support for Appellant's contention that her condition existed prior to the date last insured. The ALJ thus considered, and properly rejected, the testimony of Appellant's daughter. There is substantial evidence to support the ALJ's findings.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation