**Mary Ann BLUE, Plaintiff–Appellant,**

v.

**William A. HALTER \*, Commissioner of Social Security, Defendant– Appellee.**

No. 99–17111.

D.C. No. CV–98–03268–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001 \*\*.

Decided March 30, 2001.

Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN and WARDLAW, Circuit Judges.

MEMORANDUM ***

 While the Dictionary of Occupational Titles ("DOT") is not the sole source of admissible information concerning jobs and "expert testimony may be properly used to show that the particular jobs ... may be ones that the claimant can perform," *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995), here the vocational expert did not even acknowledge, much less justify through his expert knowledge, his deviance from the DOT. In such a circumstance, the testimony by the vocational expert cannot be said to overcome the presumption flowing from the DOT that the jobs identified as "semi-skilled" are indeed such, and not capable of being performed by appellant, who is "unskilled." This issue must be remanded for the questioning of a vocational expert on whether: (1) there are any jobs in the DOT that appellant can perform given her skill level and physical impairments, and, if not, (2) whether the vocational expert believes such jobs exist and, if so, (3) the basis of that opinion.

Based primarily on the reports of the treating and examining physicians, *Bunnell v. Sullivan,* 947 F.2d 341, 346–47 (9th Cir.1991) (en banc) (assessed functional limitations are valid considerations in assessing the credibility of subjective pain

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

complaints), and secondarily on appellant's daily activities, *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir.1998), the administrative law judge's ("ALJ's") ruling that appellant did not suffer from disabling subjective pain is supported by substantial evidence, *Flaten v. Sec'y of Health and Human Servs.,* 44 F.3d 1453, 1457 (9th Cir.1995) (review of denial of benefits is reviewed only for support by substantial evidence and basis in legal error).

The ALJ did not legally err under *Reddick v. Chater,* 157 F.3d 715, 725–27 (9th Cir.1998), by rejecting Dr. Francis's opinion that appellant "has lost her ability to compete in the open labor market for a job." *Reddick* concerned a "credible opinion on disability." *Id.* at 725. Dr. Francis's statement of disability was repeatedly contradicted in the very report containing it, including by Dr. Francis's recommendation that appellant undergo vocational rehabilitation so that she could "perform some type of work which would be better suited to her present physical limitations and impairments." A brief, conclusory statement of disability cannot be considered "credible" when it is immediately contradicted in the very physician's report containing it; *Reddick* is not upset, and the ALJ's conclusion on disability was supported by substantial evidence, *Flaten,* 44 F.3d at 1457.

REVERSED and REMANDED on the issue of the existence of jobs that appellant can perform. AFFIRMED in all other respects.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.