Holly AGUILAR, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of Social Security Administration Defendant—Appellee.

No. 00–56103.

D.C. No. CV–99–08145–CT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 **.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM ****

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies appellants' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as Commissioner of the Social

Security Administration pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**** This disposition is not appropriate for publication and may not be cited to or by the

Holly Aguilar appeals the district court's summary judgment affirming the d Commissioner of Social Security's decision denying her benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–33, 1381–83f. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order upholding the Commissioner's denial of benefits. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.1999). We must uphold the Commissioner's decision if it is supported by substantial evidence and if it is free of legal error. *See id.*

We uphold the Administrative Law Judge's ("ALJ") characterization of Aguilar's impairment because the evidence was susceptible to more than one rational interpretation. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995). Further, the ALJ properly rejected the vague and conclusory opinion of Aguilar's treating physician that she could not work because of a medical condition. *See Johnson v. Shalala*, 60 F.3d 1428, 1432–33 (9th Cir.1995). Also, because the ALJ made specific findings supported by evidence in the record, the ALJ did not err in discrediting Aguilar's claims that the degree of pain she experienced prevented her from returning to work. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir.1995). Accordingly, substantial evidence supported the ALJ's conclusion that Aguilar was not disabled within the meaning of the Social Security Act.

Aguilar's remaining contentions lack merit.

AFFIRMED.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.