**Floyd S. DAVIDSON, Plaintiff—Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 04–35975.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2005.*

Filed July 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R. App. P. 34(a)(2).

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., David R. Johnson, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM **

Floyd Davidson appeals the judgment of the District Court for the District of Oregon reversing the Commissioner of Social Security's denial of disability insurance benefits and remanding Davidson's claim to the Commissioner for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review the district court's decision de novo, except that we review for abuse of discretion the district court's decision pursuant to sentence four of 42 U.S.C. § 405(g) whether to remand for further proceedings or for an immediate payment of benefits. *Harman v. Apfel,* 211 F.3d 1172, 1173–74 (9th Cir.2000). We will disturb the decision of the Administrative Law Judge ("ALJ") only if it contains legal error or is unsupported by substantial evidence. *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999).

■ We affirm the district court's finding that in assessing Davidson's residual functional capacity (RFC), the ALJ failed to address or provide reasons for rejecting numerous non-severe impairments, side effects of medications, and apparently uncontradicted medical source opinions, and failed to make any finding as to whether Davidson was capable of regular and continuing work, defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p. The ALJ also did not explain his failure to address state agency medical source opinions indicating that Davidson had limited ability to work with others, despite the fact that the vocational expert stated that such a limitation would preclude Davidson from working as a telemarketer. The ALJ was required to consider such issues in his RFC analysis. *See* Social Security Ruling (SSR) 96–8p.

■ In addition, we find that the ALJ improperly rejected Davidson's testimony concerning his back and leg pain, for we do not find that the reasons given by the ALJ for rejecting this testimony are sufficiently specific, clear, convincing, and supported by substantial evidence. As Davidson produced objective evidence of an underlying medical condition, the decision of the ALJ must offer specific, clear, and convincing reasons for an adverse credibility determination, *Rollins v. Massanari,* 261 F.3d 853, 856–57 (9th Cir.2001), and those reasons must be supported by substantial evidence, *id.* at 857. The decision of the ALJ does not meet this burden. Specifically, numerous medical reports made in the period leading up to Davidson's alleged date of onset indicate that his condition was worsening, and the ALJ did not provide sufficiently specific, clear or convincing reasons for rejecting it.

■ Moreover, the evidence concerning Davidson's ability to work on his motorcycle does not support the ALJ's credibility findings. Evidence of a claimant's daily activities may be relevant to evaluating the credibility of a claimant's pain testimony. *See* SSR 96–7p; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989). In order to be sufficiently specific, clear and convincing to meet the standard for disregarding pain testimony, however, such evidence must show that "a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair,* 885 F.2d at 603. Here, there was no evidence that Davidson was able to spend a substantial part of his day working on his motorcycle, and, furthermore, the ALJ failed to explain how the skills involved in such activi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ty were transferable to any of the kinds of work the ALJ found Davidson could perform.[1]

On remand, the ALJ shall determine whether clear and convincing reasons supported by substantial evidence exist to reject Davidson's testimony, and shall specifically identify which testimony is being rejected.

 Furthermore, the ALJ improperly rejected testimony from lay witness Caldwell. The ALJ's stated reason was that "it was not clear [Davidson's physical] limits observed [by Caldwell] were any different than those the claimant worked with previously." "The ALJ has a duty to develop the record in Social Security cases ... even when the claimant is represented by counsel." *DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir.1991) (citations omitted). While there was some indication that at least some of Caldwell's testimony was related to the time period around the alleged onset date, the record was not sufficiently clear to determine whether other testimony concerning Davidson's physical limitations related to this period. If this testimony had been tied to the relevant time period, it would have supported Davidson's claim of disability. The ALJ had a duty, therefore, to clarify the record on this issue.

 We affirm the district court's remand of the case for further proceedings. The record is not well developed on the factors underlying the step five analysis concerning alternative gainful employment in the national economy. Because the ALJ did not consider numerous factors in assessing Davidson's RFC, failed to consider the import of Davidson's testimony or provide sufficient specificity in rejecting it, and did not clarify the record as to the timing of Caldwell's observations, he did not propound an adequate hypothetical to the vocational expert.

Accordingly, the district court's remand to perform an adequate residual functional capacity analysis and to develop the record at step five was appropriate.

AFFIRMED.

---

1. Moreover, witness Stanely Caldwell testified that Davidson could not, in fact, readily engage in this activity even for short periods of time, and could not successfully complete the activity without assistance on the occasion narrated in the record. Thus, if anything, this evidence appears to support rather than undermines Davidson's testimony regarding his pain.

