Marbella **BARRAGAN**, Plaintiff–Appellant,

v.

**Michael J. ASTRUE,\* Commissioner of the Social Security, Defendant–Appellee.**

No. 05–55616.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.\*\*

Filed March 22, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Nancy M. Lisewski, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM ***

■ The administrative law judge ("ALJ") gave specific, cogent reasons supported by substantial evidence for finding Barragan not credible, including her failure to document unsuccessful attempts to get treatment between 1994 and 1998, and her varying accounts of the origin of her injuries. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1996). The ALJ's rejec-

tion of Barragan's claims of pain was also supported by substantial evidence, because the ALJ found that such claims were not supported by the available medical evidence. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1999).

■ The ALJ's reliance on Dr. Knapp's report was supported by substantial evidence because Barragan offered nothing to show it was fraudulent aside from her unsupported testimony and, as we have held, the ALJ permissibly found her not credible. Further, as Barragan did not argue that she had a right to cross examine Dr. Knapp before the district court, that argument has been waived. *See Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023, 1035 (9th Cir.2003).

■ The ALJ's decision to discount the opinions of Drs. Cohen and Flores was supported by substantial evidence. They were nontreating physicians and their reports lacked objective clinical findings, relied largely on Barragan's subjective complaints, and conflicted with those of treating physicians Drs. Weider, Slater, and Heikali. *See Lester*, 81 F.3d at 830.

■ The reports of Drs. Weider, Slater, Heikali, Knapp and Mahfoozi provide substantial evidence for the ALJ's findings that Barragan's impairments did not meet or equal a Listing. Further, the ALJ properly accounted for the fact that some of these reports were provided as part of a workers' compensation claim, *see Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.1988). Finally, the ALJ's finding that Barragan retained the residual functional capacity to perform past relevant work was supported by sub-

---

*** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

stantial evidence, including vocational-expert testimony.

**AFFIRMED.**