Randy Nussbaum, Esq., Jaburg & Wilk, P.C., Scottsdale, AZ, for Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

The judgment of the Bankruptcy Appellate Panel is AFFIRMED for the reasons set forth in its memorandum decision filed on March 21, 2006. Williams' motion to certify issues of state law to the Supreme Court of Arizona is DENIED. Williams' motion to supplement the record is GRANTED with respect to documents numbered 32, 36, 37 and 38 and DENIED with respect to documents numbered 33, 34, 35 and 39.

McDermott & Trayner's request for attorneys' fees under Federal Rule of Appellate Procedure 38 is denied.

IT IS SO ORDERED.

**Ann HILFINGER–DOWELL, substitute party for Richard DOWELL (deceased), Plaintiff–Appellant,**

v.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael J. ASTRUE,* Commissioner of the Social Security, Defendant–Appellee.

No. 06–15662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed May 23, 2007.

Ann Hilfinger–Dowell, Phoenix, AZ, pro se.

Michael A. Johns, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

## MEMORANDUM **

■ The administrative law judge ("ALJ") did not ignore Dowell's autopsy report but cited to it several times and accepted its reported cause of death as "atherosclerotic cardiovascular disease." Nor did the autopsy report create an ambiguity triggering the ALJ's duty to develop the record more fully. While the autopsy report showed arterial blockage, it was not enough to show that Richard Dowell's impairment met or equaled the impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.04C (2003). Disability under section 4.04C requires not only severe arterial blockage, *see* § 4.04C1, but also "marked limitation of physical activity," § 4.04C2. Substantial evidence supports the ALJ's conclusion that, for the relevant period—March 22, 2000 to February 18, 2003—Dowell did not meet or equal the latter requirement. *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999).

■ Such evidence includes: Dowell's October 2001 claim to Dr. Drewitz that he suffered only minor fatigue and was busy working in an auto garage; Dowell's par-ticipation in an October 2002 vocational rehabilitation course; Dowell's November 2002 report on daily activities to Dr. Narvaiz; and Dr. Warner's residual functional capacity assessment. Furthermore, the ALJ gave clear reasons for discounting Dowell's statements and Appellant's testimony regarding Dowell's daily activities, including Dowell's contrary statements to Dr. Narvaiz, his failure to report post-onset work, and the fact that he was able to perform such work.

■ Appellant waived her arguments regarding the ALJ's credibility determinations and residual functional capacity assessment by failing to raise them in the district court. *See Edlund v. Massanari,* 253 F.3d 1152, 1160 n. 9 (9th Cir.2001).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.