MEMORANDUM **
Deborah Cardy appeals from the Commissioner of the Social Security Administration’s termination of her disability benefits. The district court affirmed the ALJ’s denial and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
Substantial evidence. Although the ALJ did not explicitly state which of the three tests for substantial gainful activity (SGA) Cardy’s activities met, he analyzed Cardy’s work with Peace of Mind Vacations in a manner consistent with the rubrics of both Test One and Test Three. See 20 C.F.R. § 404.1575(a)(2)(i)(iii). Drawing “specific and legitimate inferences” from the ALJ’s opinion, we conclude that the ALJ found that Cardy’s activities met both Test One and Test Three. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir.1989).
The ALJ found that Cardy’s average monthly income throughout 1999 was greater than $500, which created a rebut-table presumption that she had been engaged in SGA. See 20 C.F.R. § 404.1575(a)(2)(iii); id. § 404.1574(b)(2) tbl.l. The ALJ appropriately relied on the record to find that Peace of Mind Vacations was profitable in 1999. The ALJ found that Cardy’s monthly earnings were enough to trigger a presumption that she was engaged in SGA beginning in January 1999. Cardy asserts there is insufficient evidence to support the January 1999 finding, but the ALJ’s monthly calculation for 1999, which was based on her annual revenue, is consistent with the regulation, which specifies relevant threshold average monthly earnings by calendar year. See 20 C.F.R. § 404.1575(a)(2)(iii); id. § 404.1574(b)(2) tbl.l. Because Cardy did not present any evidence rebutting the presumptions, we affirm the ALJ as to his conclusion that Cardy engaged in SGA as of January 1999. See Lewis v. Apfel, 236 F.3d 503, 516 (9th Cir.2001) (holding that *394 earnings above or below statutory thresholds create a presumption that a claimant is or is not engaged in SGA that, if not countered, becomes determinative). Although the ALJ inappropriately referred to a 2005 application for disability benefits that was not in the record, use of the application was nonprejudicial and irrelevant to the ultimate conclusion as to Cardas disability, and thus was a harmless error. See Stout v. Comm’r, 454 F.3d 1050,1055 (9th Cir.2006).
Development of the record. By holding the record open following Cardy’s hearing as well as identifying areas of ambiguity, the ALJ fulfilled his duty to fully and fairly develop the record. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.1998).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.