MEMORANDUM ***
Marilyn Howell appeals the district court’s decision affirming the Administrative Law Judge’s (“ALJ”) denial of her application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The panel’s review is “essentially the same as that undertaken by the district court.” Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985). In both cases, the court determines whether the ALJ’s decision can be supported by “substantial evidence.” Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). “Substantial evidence” is “more than a mere scintilla, but less than a preponderance.” Desrosiers v. Sec’y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988) (internal quotations and citations omitted).
1. Substantial evidence supports the finding that Howell had no severe *184 mental impairments. Howell did not visit a doctor regarding her mental impairments until two years after she claims they began. In September 2002, Dr. Tester found Howell’s depression was under “good control.” In 2004, Dr. Cole, though diagnosing Howell with depression, pain disorder, and anxiety disorder, found she was nonetheless “able to sustain simple routine tasks, and no problems completing simple multiple-step task were observed.” A state agency psychologist, Robert Henry, Ph.D., found that “[although [Howell] has symptoms consistent with depression, there is no significant limitations to her functioning[.][sic]” Finally, Howell consistently neglected to mention her mental impairments during her visits to the doctor, which contradicts her present claims of severe, debilitating impairments.
2. Substantial evidence supports the finding that Howell’s sleep apnea was not severe. Howell made only scattered and vague references about a sleeping problem to her physicians. More importantly, Howell told her physicians she was using various prescribed methods to prevent her sleep apnea.
3. An ALJ may reject a treating doctor’s uncontradicted opinion, only after giving “clear and convincing reasons supported by substantial evidence in the record.” Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.1998) (internal quotations and citation omitted). Assuming Dr. Miller was a treating physician, the ALJ did not err, because he provided clear and convincing reasons for not fully accepting Dr. Miller’s opinion. Dr. Miller saw Howell on only two occasions, and Dr. Miller did not assess Howell’s functional limitations until a month after his last visit with her. Second, despite Dr. Miller’s assessment of serious functional limitations, Dr. Miller “did not check off any limitations in the claimant’s ability to lift or carry.” Third, there were contradictions in Dr. Miller’s assessments. Dr. Miller found Howell entirely unremarkable after giving her a routine “well woman” examination in April 2006. Yet, in October 2006 (and not immediately after any physical examination of Howell), Dr. Miller determined she had serious functional limitations.
Howell argues that the ALJ rejected Dr. Miller’s opinion, because it was provided on a “fill-in-the-blank” form. An ALJ ought not dismiss a treating physician’s testimony merely because it was contained on such a form. Physicians often use these forms for litigation purposes, and, in some cases, the Social Security Administration requires such “check off’ forms to be used. Nevertheless, for the reasons given above, the ALJ had enough evidence to reject Dr. Miller’s testimony. Thus, any error the ALJ committed was “harmless.” Stout v. Comm’r of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.2006).
4. This court reviews a claimant’s testimony of medical impairment under a two-step process. First, “[t]he claimant must produce objective medical evidence of an underlying impairment ‘which could reasonably be expected to produce the pain or other symptoms alleged....’” Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). Second, assuming the claimant produces such evidence and there is no affirmative evidence the claimant is malingering, the Commissioner must provide “clear and convincing reasons” for rejecting the testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993) (quoting Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)). The ALJ did not err, because he provided clear and convincing reasons for rejecting Howell’s testimony. Howell’s “treatment has been essentially *185 routine and/or conservative in nature, and has been generally successful in controlling those symptoms.” Howell had only taken non-prescription pain medications to control her symptoms, and Howell’s wrists were dramatically improving after using wrist splints. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.1998) (suggesting the use of non-prescription medication could weigh against a party’s testimony that her pain was debilitating). Howell frequently made no complaints about any particular pains or impairments to her physicians, which contrasts with Howell’s present claim of ongoing, disabling symptoms. Most importantly, Howell reported that she had been doing heavy lifting, carrying her sewing machine, crocheting, knitting, gardening, driving a car, using mass transportation, attending church once a week, and doing photography. She also reported she delivers Meals on Wheels every Friday, that she is on the administrative counsel for the Senior Center, and that she had been working on a ranch feeding animals and maintaining the premises. All of these activities undermined her claims of debilitating impairments.
5. The ALJ erred by rejecting the testimony of Howell’s friend, William Currier. An ALJ may reject a lay witness testimony “only if he gives reasons germane to each witness whose testimony he rejects.” Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996) (internal citation omitted). In his findings, the ALJ did not mention the testimony of Mr. Currier and thus gave no reasons for rejecting it. Nevertheless, we find the ALJ’s error was “harmless.” Stout, 454 F.3d at 1054. Even if the court were to fully credit the testimony of William Currier, the ALJ nonetheless had substantial evidence to support his finding that Howell did not have severe functional limitations.
6. The determination (1) of Howell’s residual functional capacity and (2) that Howell could perform her past relevant work is supported by substantial evidence. The ALJ relied on Howell’s lack of credibility, her ongoing schedule of physically and socially demanding activities, the unreliability of Dr. Miller’s opinion in formulating Howell’s residual functional capacity, and the vocational expert’s testimony, which concluded that Howell could perform her past relevant work.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.