**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MASON, | No. 06-35918 |
| Plaintiff - Appellant, | D.C. No. CV-05-00200-PP |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Submitted May 3, 2010[**]
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

Michael Mason appeals from the district court's judgment, which affirmed

the ALJ's finding that he is not disabled. We affirm.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review *de novo* a district court's order upholding the Commissioner's denial of benefits. Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001). We must affirm the decision of the Commissioner if it was supported by substantial evidence in the record and applied the correct legal standards. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). Substantial evidence is more than a scintilla, but less than a preponderance. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

Substantial evidence in the record supports the ALJ's determination that Mason's testimony was not entirely credible. The ALJ gave specific, clear and convincing reasons for rejecting Mason's testimony regarding the severity of his symptoms, including the medical evidence in the record, Mason's failure to seek treatment for his complaints despite informing one of his physicians that he had access to medical treatment and Mason's gross under-reporting of his work history (in both the amount earned and nature of work performed) at the prior hearing before the ALJ. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). For example, the ALJ noted that since the prior hearing on Mason's disability claim, Mason had asserted a new claim for disability benefits related to an on-the-job injury he sustained from lifting a ninety-pound object. That injury was sustained

2

during the benefits period presently under review. Mason's work-related lifting of ninety pounds is inconsistent with his claim that during the same period he was unable to lift a bag of groceries.

Likewise, the ALJ pointed to substantial evidence in the record to support his determination that the lay witnesses, Trevol Mason and Rhonda Collins, were not entirely credible. The ALJ specifically identified germane reasons for rejecting their testimony with respect to Mason's ability to work, such as the inconsistencies between their testimony regarding the severity of Mason's symptoms and Mason's activities — his failure to seek treatment and his actual work history.

Nor did the ALJ err in evaluating Mason's residual functional capacity. The ALJ discussed the relevant medical evidence and testimony with respect to Mason's claimed impairments and limitations, and relied on the residual functional capacity findings of Dr. Johnson and Dr. LeBray to reach his conclusions. Although the ALJ failed to include all of Mason's mental limitations in Mason's residual functional capacity assessment, any error was harmless because substantial evidence supported the ALJ's conclusion that any mental limitations did not impair Mason's capacity to perform his past relevant work. <u>Batson v. Comm'r of Social</u>

3

Security Admin., 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ's conclusion that Mason was capable of performing his past relevant work was supported by substantial evidence. The ALJ is not required, as Mason contends, to engage in a function-by-function analysis under SSR 96-8p. SSR 96-8p requires only that the ALJ discuss how evidence supports the residual function capacity assessment and explain how the ALJ resolved material inconsistencies or ambiguities in evidence, as the ALJ did here. We similarly reject Mason's contention that the ALJ erred by relying on a medical source opinion from a non-treating physician. Under the circumstances of this case, where uncontroverted evidence indicated Mason had not sought any treatment since 1993, reliance on more recent non-treating physicians' opinions was reasonable.

AFFIRMED.