**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY GONSALVES, | No. 11-15950 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01526-SKO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted November 9, 2012[**]
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gary Gonsalves applied for Social Security disability benefits and Supplemental Security Income pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). An administrative law judge denied his claims and the district court affirmed. Gonsalves now appeals. We review the denial of benefits de novo. *Vasquez v. Astrue*, 572 F.3d 586, 590-91 (9th Cir. 2009). We must uphold the ALJ's decision if it is supported by substantial evidence and is not based upon legal error. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). We affirm.

Gonsalves raises three issues on appeal. First, he contends that the ALJ erred by finding his testimony about the severity of his pain not credible. Second, he argues that the ALJ erred in evaluating the opinions of the examining and treating physicians. Third, Gonsalves alleges that the ALJ erred in finding that he had a single, non-severe impairment.

The ALJ was required to provide clear and convincing reasons for discrediting Gonsalves' pain testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ provided five reasons: (1) Gonsalves had a conservative treatment plan, (2) Gonsalves' subjective complaints were inconsistent with other medical evidence, (3) Gonsalves failed to seek treatment for an extended period of time, (4) Gonsalves' testimony lacked candor, and (5) Gonsalves' daily activities were not indicative of the degree of pain he alleged.

2

These reasons are sufficient support for the ALJ's adverse credibility determination. *See Tommasetti*, 533 F.3d at 1039; *Lingengelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 1997).

Because the opinions of the examining and treating physicians were controverted, the ALJ was obliged to provide specific and legitimate reasons to discount them. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ gave two reasons for affording minimal weight to the examining physician's opinion: (1) the doctor relied on Gonsalves' non-credible reports of pain and (2) the physician's opinion was contradicted by medical evidence in her report. Similarly, the ALJ provided five reasons for rejecting the opinions of the treating physician: (1) the opinions relied on Gonsalves' incredible pain testimony, (2) the physician incorrectly listed "hands" as one of Gonsalves' primary impairments, (3) the doctor incorrectly noted that Gonsalves was unable to work since 2002 when he had in fact worked full time until 2004, (4) the range of motion findings were inconsistent with other medical evidence, and (5) the opinions were solicited by Gonsalves' counsel. We have reviewed the record and conclude the reasons listed by the ALJ are specific and legitimate. *See Tommasetti*, 533 F.3d at 1041; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d

3

853, 856 (9th Cir. 2001); *Vasquez*, 572 F.3d at 591; *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988).

As to the third ground of the appeal, we hold that substantial evidence supports the ALJ's determination that Gonsalves' impairment in his left knee was not severe.

**AFFIRMED.**