**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERNEST KISH, Jr.,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner,
Social Security Administration,

        Defendant - Appellee.

No. 12-35867

D.C. No. 3:11-cv-06045-KLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Argued and Submitted November 4, 2013
Seattle, Washington

Before: SCHROEDER, PAEZ, and BERZON, Circuit Judges.

Claimant Ernest Kish, Jr. appeals the denial of his application for disability

insurance benefits. The denial of benefits was affirmed below by a magistrate

judge reviewing on consent of the parties.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Administrative Law Judge ("ALJ") denied Claimant's application by relying primarily on a determination that Claimant was not credible and discounting a psychological evaluation concluding that he suffers from depression.

The ALJ discounted the psychological evaluation conducted by Dr. Jeffrey Hart concluding that Claimant suffered from depression. The evaluation was completed more than a year after Claimant's last insured date. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (the disability must exist "on or before" the applicant's last insured date). The ALJ mentioned the timing factor, but gave other reasons for declining to consider Dr. Hart's evaluation. The district court, however, primarily relied on the timing consideration in affirming the ALJ's rejection of Dr. Hart's evaluation. Evaluations conducted after the last insured date can still be relevant to assessing a claimant's condition during the appropriate period. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). There is no basis for concluding that Claimant's condition as evaluated by Dr. Hart did not exist prior to his last insured date, and the ALJ offered none. There was therefore no basis for discounting the weight of Dr. Hart's evaluation because of timing.

As the district court observed, the ALJ erred in discounting Dr. Hart's opinion on the ground that petitioner had paid for it. *Lester v. Chater*, 81 F.3d 821,

832 (9th Cir. 1995) (absent evidence of actual improprieties, an evaluation cannot be dismissed because of the motive for obtaining it).

We agree with the district court's conclusion that many of the reasons given to discredit Claimant's testimony were invalid. The ALJ and the district court determined, nonetheless, that Claimant's testimony as to his physical condition and daily activities was inconsistent with his attendance at school. However, any inconsistency between Kish's attendance at a full-time vocational education program and his testimony regarding his limited daily activities is not sufficiently substantial to support the ALJ's credibility finding. Moreover, the record shows that Claimant received accommodations to aid his school attendance. School attendance is often not as physically taxing as full-time employment, and it is not clear from the record that Claimant was able to sustain school attendance even with the accommodation. The ALJ's finding that Claimant's testimony was not credible is not supported by substantial evidence. On remand, the ALJ must therefore credit claimant's testimony as to the severity of his symptoms, including his testimony as to pain, or make an adverse credibility finding that is supported by substantial evidence.

Dr. Hart's evaluation was objective medical evidence indicating that Claimant suffered from depression, and the record was ambiguous only as to the

severity of the condition. The Claimant requested a consultative examination to resolve inadequacies and ambiguities in the medical record as to his depression. Where the evidence is inadequate or ambiguous, the ALJ has a duty to conduct an appropriate inquiry. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). When the severity of a claimant's disorder cannot be determined, the appropriate course is to request a consultative evaluation, and failure to do so is good cause for remand. *Carrillo Marin v. Sec'y of Health and Human Servs.*, 758 F.2d 14, 17 (1st Cir. 1985). The ALJ should have ordered a consultative evaluation.

The ALJ also erred by disregarding Claimant's limited ability to do work with his dominant left hand. The left-hand limitation was documented in a physical capacities evaluation, which Claimant's treating doctor, Dr. Nehls adopted, and was supported by examining physician Dr. James F. Harris' evaluation. Dr. Nehls' opinion is uncontroverted and should be given controlling weight. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). On remand, the ALJ should include that limitation in the residual functional capacity assessment. We therefore reverse and remand for further development of the record in accordance with this disposition.

**REVERSED** and **REMANDED**.