**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THUY LE NGUYEN, | No. 13-36097 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01025-TSZ |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted May 2, 2016
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and CURIEL,[**] District Judge.

In this social security case, Thuy Le Nguyen appeals from the district court's

judgment affirming the agency's finding that she did not suffer from a severe

impairment on or before her date last insured, December 31, 1997. Reviewing for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

substantial evidence, <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097–98 (9th Cir. 1999), we affirm.

1.  To be entitled to Title II disability benefits, a claimant must establish that her disability existed on or before the date on which her disability insurance expired.  <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1999).  The claimant has the burden of proving disability.  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).  A diagnosis, in itself, is not sufficient to establish a disability.  A claimant must show that she has a severe impairment.  <u>See</u> 20 C.F.R. § 404.1520(c).

2.  Here, Dr. Diaconu submitted evidence that schizophrenia is a chronic illness with onset in early adulthood and that Nguyen's illness "most likely" started before 1997.  The administrative law judge ("ALJ") permissibly concluded that the statement as to timing was speculative and did not rely on any objective evidence.

3.  Nguyen testified that she experienced symptoms before 1997.  The ALJ permissibly discounted this testimony because Nguyen had earlier denied any previous significant history of psychiatric disorder and because her husband testified that Nguyen could competently complete some household tasks.

4.  Nguyen offered lay testimony of her husband and two friends.  The ALJ permissibly concluded that Mr. Nguyen's testimony did not establish a severe impairment.  The ALJ did not expressly consider the other lay witness testimony.

2

Failure to discuss this testimony was harmless error because the friends' testimony did not add material information about the relevant time period and, so, would not have altered the ALJ's decision.  Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

**AFFIRMED**.