**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEANNE RENEE CONNER,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant - Appellee. | No. 14-17194<br><br>D.C. No. 2:13-cv-02423-CMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted December 29, 2016[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Leanne Renee Conner appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. Reviewing de novo, we may set aside a denial of benefits only if it is not supported by substantial evidence or rests on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

The administrative law judge ("ALJ") properly developed the administrative record. In hearing notices sent to Conner and her non-attorney representative two months prior to the administrative hearing, the agency instructed Conner to submit any additional probative evidence not contained in her file. The ALJ also left the record open for thirty days post-hearing to allow Conner an opportunity to supplement the record. Accordingly, Conner's contention that the administrative record was incomplete lacks merit. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (holding that the ALJ satisfied his duty to develop the record by leaving the record open after the hearing).

The ALJ provided specific, clear, and convincing reasons for finding that Conner was not fully credible. First, the ALJ permissibly considered Conner's documented failure to give maximum effort during examinations, citing two examples from the record. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Second, the ALJ permissibly considered Conner's ordinary physical exam findings, and limited record of treatment as a basis for finding Conner less than fully credible. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding

that lack of supportive medical evidence is a factor that an ALJ can consider in a credibility analysis).

Accordingly, substantial evidence supports the ALJ's determination that Conner was not disabled within the meaning of the Social Security Act. *See Ghanim*, 763 F.3d at 1161 (stating standard).

**AFFIRMED**.