NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAM E. FRY,

    Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant-Appellee.

No. 17-15701

D.C. No. 2:15-cv-02023-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted April 27, 2018[**]

Before: FARRIS, CANBY, and LEAVY, Circuit Judges

 Adam E. Fry appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Fry's application for disability

insurance benefits under Title II of the Social Security Act. We review de novo,

*Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Any error in failing to consider all impairments at step two was harmless because the Administrative Law Judge (ALJ) properly considered all of Fry's limitations in assessing Fry's Residual Functional Capacity (RFC). *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

Substantial evidence supports the ALJ's conclusion that Fry did not meet listing 12.04 because Fry did not meet all the criteria of the listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (explaining that the medical evidence must show that a claimant meets all the criteria of a listing in order to find them disabled at step three). The ALJ reasonably incorporated the special review technique assessment into the written narrative and did not err by failing to attach a separate form. *See Keyser v. Comm'r, Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011).

The ALJ properly rejected the Veterans Affairs (VA) disability rating based on specific, persuasive, and valid reasons: Fry's activities were inconsistent with disabling social limitations, Fry inadequately explained his failure to comply with treatment, and objective medical evidence in the record was inconsistent with physical limitations in the VA rating. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009) (standard for rejecting VA disability rating); *see also Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (inadequately explained failure to comply with treatment); *Tommasetti v. Astrue*, 533 F.3d 1035,

2                                                      17-15701

1041 (9th Cir. 2008) (inconsistency with objective medical evidence); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (claimant's activities).

The ALJ provided several specific and legitimate reasons to give little weight to Dr. Dhawan's opinion: internal inconsistencies in the opinion, inconsistency with other objective medical evidence in the record, and the exam was performed more than a year after the relevant period. *See Valentine*, 574 F.3d at 692-93 (inconsistency with objective evidence); *Tommasetti*, 533 F.3d at 1041 (internal inconsistencies); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (retrospective medical opinion).

The limitations in the RFC on interactions with the public, coworkers, and supervisors, and limitations on standing and lifting, reasonably accounted for the mental and physical limitations in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (reasoning that the ALJ properly assesses specific functional limitations based on the medical record as a whole).

The ALJ properly relied on the Vocational Expert's testimony in response to a hypothetical that excluded functional limitations that the ALJ concluded were not supported by the record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (reasoning that the ALJ did not err by excluding from the VE hypothetical additional limitations not supported by the record).

**AFFIRMED.**