**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JON JEFFERY HERRING,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>Defendant-Appellee. | No.   16-35794<br><br>D.C. No. 6:15-cv-01453-CL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted July 23, 2018 [**]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges,

Jon Herring appeals the district court's order affirming the Social Security

Administration's denial of his applications for Social Security and Supplemental

Security Income disability benefits.  We have jurisdiction pursuant to 28 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291. We review the district court's order de novo and the agency's decision for substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). We affirm.

The ALJ provided clear and convincing reasons supported by substantial evidence for giving less weight to the opinion of Dr. Dodson, a treating physician. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinion was a cursory check-the-box opinion that failed to provide any functional analysis in the available comment sections, did not cite to and was not supported by objective findings in Dr. Dodson's medical notes, and was not supported by other objective evidence or the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (allowing an ALJ to give less weight to a questionnaire opinion that is based on a claimant's subjective statements and is inconsistent with the treatment records); *Orn*, 495 F.3d at 631 (providing that an ALJ may give less weight to an opinion that is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with other substantial evidence in [the] case record") (quoting 20 C.F.R. § 404.1527(d)(2)); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that an ALJ may give less weight to a treating opinion that is "brief, conclusory, and inadequately supported by clinical findings"); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (holding that an

ALJ may reject a retrospective opinion that conflicts with medical evidence in the record).

Contrary to Herring's claim, the ALJ did not reject the opinion of Dr. Nolan, who examined Herring one time at the request of the state agency. The ALJ accepted the opinion with two modifications supported by Herring's testimony. Consistent with Herring's testimony, the ALJ found that Herring could occasionally lift 25 pounds, instead of the 20 pounds recommended by Dr. Nolan. The ALJ also found that Herring could walk or stand for four hours, instead of the two hours recommended by Dr. Nolan. To address Dr. Nolan's concern that flares in arthritis in Herring's big toe joints could limit Herring's ability to stand or walk, the ALJ added two additional limits to the residual functional capacity assessment. Consistent with Herring's testimony and the medical evidence, the ALJ found that Herring could change positions at will throughout the work day and could spend the majority of his time seated when he experienced foot pain. The ALJ gave sufficient reasons for altering Dr. Nolan's assessment, and the findings are supported by Herring's testimony and the medical record.

The ALJ gave specific, clear and convincing reasons supported by substantial evidence for discounting Herring's testimony that his back symptoms, including weakness and atrophy in his leg, had returned a week after back surgery

3

and that he needed crutches to walk. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The testimony was inconsistent with the statements Herring made to his treating doctors after surgery and with the post-surgical objective findings of Dr. Hauck, the treating surgeon, and Dr. Nolan, the examining physician. *Id.* (noting that inconsistent statements may provide substantial evidence to support an adverse credibility determination); *Carmickle* v. *v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (holding that "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony").

The ALJ also gave a specific, clear and convincing reason supported by substantial evidence for not accepting Herring's testimony that his back and foot problems had significantly reduced the time that Herring could work. The testimony was inconsistent with Herring's other testimony and financial business evidence. *Molina*, 674 F.3d at 1112 (noting that inconsistent statements may provide substantial evidence to support an adverse credibility determination). The ALJ's finding that Herring continued to work at the same level that he worked prior to his back problems and alleged onset date is supported by Herring's testimony, business income evidence, and tax returns.

Finally, the ALJ was not required to include properly rejected opinion evidence or testimony in the hypothetical questions posed to the vocational expert.

4

*Bayliss v. Barnhart,* 427 F.3d 1211, 1217–18 (9th Cir. 2005) (holding that an ALJ may rely on the vocational expert's testimony if the hypothetical question includes all of the credible limitations supported by substantial evidence).

    **AFFIRMED.**