**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLLEEN YOUNG, | No.   22-15828 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01952-JDP |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted May 6, 2024**

Before:    D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Colleen Young appeals pro se the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

On appeal, Young claims that the administrative law judge (ALJ) erred in evaluating the medical opinion evidence. Substantial evidence supports the ALJ's decision to afford great weight to the opinions of Dr. van Dam and Dr. Dennis because of Young's lack of specific treatment during the relevant period, and because the opinions were supported by and consistent with the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Substantial evidence also supports the ALJ's decision to generally afford substantial weight to the opinions of Dr. Williams and Dr. Gerson. Dr. Williams and Dr. Gerson provided supporting rationales and were entitled to substantial weight based on Young's limited treatment during the relevant period. *See Molina,* 674 F.3d at 1111; *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

The ALJ provided specific and legitimate reasons to discount speech-language pathologist Kinney and Dr. Teasdale's opinions. As the ALJ determined, the opinions were speculative with respect to Young's functioning well before treatment, and the opinions concerned Young's functioning well after the date she was last insured. *See Molina,* 674 F.3d at 1111; *see also Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).

Finally, the ALJ provided specific, clear, and convincing reasons to discount Young's symptom testimony. The ALJ cited specific inconsistencies between Young's testimony and the opinions of medical consultants, Young's limited treatment during the relevant period, and record evidence. *See* 20 C.F.R. § 404.1529(c)(3); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

We decline to consider the issues Young raises for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**