NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| RIN LAY, | ) | No. 08-56458 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 3:07-CV-01112-JLS-NLS |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 5, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Rin Lay appeals the district court's judgment, which affirmed the

Commissioner of Social Security's denial of Supplemental Security Income

benefits. We reverse and remand.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Lay first asserts that the Administrative Law Judge failed to develop the record. We disagree. We do agree that the ALJ has the obligation to develop the record. See Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). However, where the record is adequate and not ambiguous, the ALJ is not required to proceed further[1] and based upon the evidence at hand may decide whether the claimant has sustained his burden.[2] We have reviewed the record and find no error in this respect.

Lay also asserts that the ALJ erred when he found that Lay's subjective pain and limitations testimony was not wholly credible. Again, we disagree. While there were underlying conditions that could be expected to produce pain,[3] the medical records and the conservative course of treatment[4] sufficiently supported the ALJ's determination that Lay's limitations were not as great as he said they were.

---

[1]See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999).

[2]Tidwell, 161 F.3d at 601.

[3]See Lingenfelter v. Astrue, 504 F.3d 1028, 1035–36 (9th Cir. 2007).

[4]Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir. 2007) (conservative course of treatment and medical records); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (medical records).

2

Lay also claims that the district court erred when it held that Lay had to show good cause for failing to timely submit certain evidence to the ALJ before the district court could consider that evidence. See 42 U.S.C. § 405(g). We need not consider that claim because the Commissioner now concedes that all of the evidence should be taken into account; it had been submitted to the Appeals Council.[5] Particularly because we review the district court's decision regarding the Commissioner's disability determination de novo,[6] in light of the Commissioner's concession, we will consider that evidence. Lay claims that the Commissioner, at both the ALJ level and the Appeals Council level, erred when he denied benefits. We agree in part.

The ALJ determined that based upon what was before him, Lay had the residual functional capacity to perform his prior work as a Buddhist monk.[7] Based upon the record that was before the ALJ, we disagree with the assertion that the

---

[5]We note that the Appeals Council did not indicate that it would consider that evidence. See 20 C.F.R. § 416.1470(b). However, it did not expressly return the materials to Lay. See 20 C.F.R. § 416.1476(b)(1).

[6]See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

[7]For the first time on appeal, Lay asserts that what he did as a monk was not gainful work activity. See 20 C.F.R. § 416.972(b). We decline to consider that newly minted argument. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).

ALJ erred. He was not required to discuss each piece of evidence, and it does not appear that he actually rejected probative evidence. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam). Rather, the ALJ properly resolved conflicts in the evidence,[8] and after reviewing the opinion of a vocational expert, determined that Lay was not entitled to benefits. Substantial evidence supported those determinations.[9]

However, we agree as to the Appeals Council's determination. The evidence before it showed that Lay had deficits not considered by the ALJ. That evidence, among other things, detailed severe cervical spine problems and major depression based upon new reports, which the Appeals Council neither returned to Lay[10] nor discussed. In fact, the Appeals Council specifically mentioned only one report (by Dr. Harry C. Henderson III) and declared that the report was not supported by evidence in the record. However, the Appeals Council made no reference to the cervical spine MRI of May 1, 2006, or to the reports of two other

---

[8]See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 956–57 (9th Cir. 2002).

[9]Lay asserts that the hypotheticals put to the vocational expert were not complete. However, they did cover the limitations accepted by the ALJ. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006).

[10]See 20 C.F.R. 416.1476(b)(1).

4

doctors (Milton Lessner and James S. Grisolia), all of which did lend support to Dr. Henderson's opinion. It appears that at least some of the additional materials might well affect the disability decision, but we are not in a position to properly make that determination.[11] We are, therefore, constrained to reverse and remand to the district court with instructions that it further remand to the Commissioner for further proceedings in which all of the additional information is considered.

REVERSED and REMANDED.

---

[11]See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1229 (9th Cir. 2009).