**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRUCE L. EDGINTON,<br><br>           Plaintiff - Appellant,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>           Defendant - Appellee. | No. 14-55237<br><br>D.C. No. 5:12-cv-02195-JSL<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted August 26, 2015 <sup>**</sup>

Before:    LEAVY, GRABER, and OWENS, Circuit Judges.

Bruce L. Edginton appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Edginton's applications for disability

insurance and supplemental security income under Titles II and XVI of the Social

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Act. Edginton alleged disability due to back problems, pain disorder, and bipolar disorder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

1. Substantial evidence supports the administrative law judge's ("ALJ's") decision to rely on the vocational expert's analysis of the job market. First, the ALJ properly relied on the vocational expert's expertise to explain complex vocational issues. *See* 20 C.F.R. § 404.1566(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (holding that an ALJ may rely on the vocational expert's testimony regarding number of relevant jobs). Second, the vocational expert reasonably opined that Edginton's alternative job calculation was not correct, and the ALJ was within his discretion to credit the expert's conclusions. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (holding that an ALJ is responsible for resolving conflicts). Finally, the ALJ allowed Edginton's attorney the opportunity to respond by leaving the record open for Edginton to submit additional evidence. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (holding that an ALJ satisfies the duty to develop the record by leaving the record open after a hearing). Accordingly, substantial evidence supports the ALJ's adoption of the vocational expert's testimony.

2

2.  The ALJ provided a specific, clear, and convincing reason for finding Edginton's descriptions of his symptoms less than fully credible.  The ALJ reasonably concluded that Edginton's treatment for his back condition was "routine and conservative" and not the treatment expected for an individual suffering from the disabling symptoms that Edginton described.  Edginton was generally treated with medications and an electronic transcutaneous electrical nerve stimulation unit for his condition.  The ALJ properly identified Edginton's conservative treatment for his alleged disabling pain as a specific, clear, and convincing reason for doubting Edginton's credibility concerning the intensity of the pain.  *See Parra*, 481 F.3d at 751 (stating that evidence of conservative treatment may be "sufficient to discount a claimant's testimony regarding severity of an impairment").

Accordingly, substantial evidence supports the ALJ's determination that Edginton was not disabled within the meaning of the Social Security Act.

**AFFIRMED.**

3