**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEE ZIMMERMAN, | No. 13-16727 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00598-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted November 18, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

David Zimmerman claims disability benefits on behalf of his late wife,

Shelly Rae Weiner, who died during this appeal.[1]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]  The court granted Mr. Zimmerman's motion for substitution pursuant to Federal Rule of Appellate Procedure 43(a)(1).

The Commissioner denied Weiner's claim, and the district court affirmed. We review the district court's ruling de novo, and will affirm unless the ALJ's decision was based on legal error or not supported by substantial evidence in the record. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) ("Substantial evidence is more than a mere scintilla but less than a preponderance.").

1. The ALJ did not err in her evaluation of Weiner's residual functional capacity. Her summary of the copious evidence in this case sufficiently discussed the support for her assessment and resolved inconsistencies and ambiguities in the evidence.

2. The ALJ did not err by discounting Weiner's symptom testimony. Assuming Weiner "presented objective medical evidence of an underlying impairment" that could have caused the symptoms Weiner alleged, the ALJ provided "specific, clear and convincing" reasons for rejecting Weiner's testimony. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted).

3. The ALJ erred when she failed to explain why she did not credit Dr. General's and Nurse Practitioner Longchamps' conclusions. Dr. General is an

2

"acceptable medical source[]" who gave an opinion on Weiner's ability to work. 20 C.F.R. §§ 404.1513(a)(2), 404.1520b, 404.1527(a), (c). Longchamps, while not an "acceptable medical source," was an "other source" that examined Weiner on several occasions and concluded Weiner's pain affected her ability to work. See id. § 404.1513(d). The ALJ erred by not setting forth "specific, legitimate reasons" for not crediting these opinions. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ's failure was not necessarily harmless. A "reasonable" ALJ, when fully crediting those two opinions, "could have reached a different disability determination." See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2005). The vocational expert testified at the hearing that a hypothetical person with the disabilities described by Longchamps and Dr. General would not be able to work. In contrast, the same hypothetical person without those symptoms would be able to work.

"[W]e retain flexibility in determining the appropriate remedy," Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citation omitted), and here there remains "serious doubt" as to whether Weiner actually was disabled, Garrison, 759

3

F.3d at 1021. Had the ALJ considered the Longchamps and Dr. General opinions, they would not necessarily have been persuasive. There also is evidence in the record that suggests Weiner's medical problems may have been caused by alcohol abuse, which if true, would prevent an award of benefits. See 42 U.S.C. § 423(d)(2)(C); Harman v. Apfel, 211 F.3d 1172, at 1180–81 (9th Cir. 2000). We vacate the district court's judgment, and we remand the case for further proceedings consistent with this disposition.

Each party shall bear their own costs on appeal. **AFFIRMED in part, VACATED in part, and REMANDED.**