**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS M. JENNINGS, | No.   19-35052 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05932-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted February 7, 2020**
Seattle, Washington

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable John R. Tunheim, United States Chief District Judge
for the District of Minnesota, sitting by designation.

Marcus Jennings appeals the district court's order affirming the Commissioner of Social Security's denial of disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We "review the district court's decision sustaining the [Administrative Law Judge's ("ALJ")] denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attimore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). Additionally, we "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

1.      The ALJ did not harmfully err in evaluating the medical evidence. First, the ALJ offered "specific and legitimate reasons that are supported by substantial evidence" for discounting Dr. Warner's opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). For example, the ALJ discounted Dr. Warner's opinion, because, *inter alia*, internal inconsistencies within Dr. Warner's report undermined the weight it could be afforded. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Additionally, inconsistencies between Dr. Warner's report and the overall record also undermined the weight Dr. Warner's opinion could be afforded. 20 C.F.R. § 404.1527(c)(4). Even assuming

2

the other reasons the ALJ proffered for discounting Dr. Warner's opinion were erroneous, because the ALJ offered legitimate reasons for discounting Dr. Warner's opinion, any errors would be "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle*, 533 F.3d at 1162).

Second, the ALJ did not err in affording "little weight" to the June 2012 opinion of Mr. Spataro, a nurse practitioner, because the ALJ offered germane reasons for discounting his opinion. *See Molina*, 674 F.3d at 1111. For example, substantial evidence supports the ALJ's findings that: (1) Mr. Spataro's June 2012 opinion relied (to a large extent) on Jennings's subjective complaints, which the ALJ properly discounted, *see Buck*, 869 F.3d at 1049; (2) Mr. Spataro's findings that Jennings had moderate to marked limitations in understanding and memory were inconsistent with the record as a whole, which demonstrated that Jennings regularly presented with normal memory, judgment, and insight, *see* 20 C.F.R. § 404.1527(c)(4); and (3) Mr. Spataro's opinion that Jennings had marked social deficits and deficits in concentration was inconsistent with Jennings's activities, which included attending church weekly, carrying out household chores, caring for a dog, shopping for groceries, running twice a week on a military base, working on

3

his car, and working on his computer, *see Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Third, the ALJ's failure to evaluate Dr. Hohenegger's opinion was harmless. Dr. Hohenegger opined that Jennings's "present psychological stress does pose fairly consistent, at present[,] mild to moderate difficulties for the veteran in both social and occupational interactions." The Commissioner concedes that the ALJ erred by failing to address Dr. Hohenegger's opinion. However, this error was harmless, because the ALJ's residual functional capacity ("RFC") is not inconsistent with Dr. Hohenegger's opinion and includes the limitation that Jennings "could have no interaction with the public" and only "occasional interaction with co-workers as part of his job duties." *See Molina*, 674 F.3d at 1111.

Fourth, the ALJ did not err in discounting the Department of Veterans Affairs's ("VA") disability determination, because the ALJ gave "persuasive, specific, and valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). For example, the ALJ properly discounted the VA's disability rating because, *inter alia*, it was predicated in a large part on Jennings's unreliable subjective symptom complaints. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

Even assuming the other reasons offered by the ALJ for rejecting the VA's disability rating were erroneous, such errors would be "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

Fifth, the ALJ properly afforded "partial weight" to the opinions of non-examining state agency consultants Drs. Regets and Postovoit. The ALJ credited portions of the doctors' opinions, but rejected their limitation—that Jennings was limited to only "superficial contact with co-workers"—because it was "not consistent with [Jennings's] ability to regularly engage appropriately with treating medical/mental health providers, participate in a half marathon, shop, and regularly go to the gym." Jennings argues the ALJ erred because the doctors' opinions are "not contradicted by [his] activities." However, Jennings's argument fails because he offers no explanation as to how or why his activities are consistent with the doctors' opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Jennings also argues in a single sentence that the "ALJ err[ed] by improperly giving 'great weight' to the rest of [Drs. Regets and Postovoit's] opinions, as they did not review any medical evidence beyond September 2012." Jennings presumably takes issue with the doctors' failure to consider "all of the pertinent evidence in [Jennings's] claim." *See* 20 C.F.R. § 404.1527(c)(3). However, there is always some time lapse between a consultant's report and the ALJ hearing and

decision, and the Social Security regulations impose no limit on such a gap in time. At the time they issued their opinions, the non-examining experts had considered all the evidence before them, satisfying the requirements set forth in 20 C.F.R. § 404.1527(c)(3).

Although a substantial delay would undoubtedly be significant if, in the interim, the ALJ received additional medical evidence that the ALJ determined may change the expert's finding, *see* SSR 96-6p, 1996 WL 374180, at *3–4 (July 2, 1996), Jennings provides no explanation as to why the doctors' failure to consider evidence after 2012 is significant. Therefore, even assuming the ALJ erred crediting portions of the non-examining doctors' opinions, Jennings's argument still fails, because he failed to explain why the error was harmful. *See Molina*, 674 F.3d at 1111.

Finally, Jennings failed to demonstrate that the ALJ erred in affording "great weight" to the opinions of Dr. Hander and Dr. Virji, additional non-examining state agency physicians. Jennings argues that Drs. Hander and Virji "failed to fully account for Jennings's limited ability to use his hands due to carpal tunnel syndrome." However, the ALJ recognized that the "record as a whole" warranted the inclusion of "more restrictive postural and additional manipulative limitations" than those expressed in Drs. Hander's and Virji's opinions. Therefore, the ALJ

included more restrictive postural and additional manipulative limitations in the RFC. Thus, Jennings fails to show the ALJ erred.[1] *See Ludwig*, 681 F.3d at 1054.[2]

2. The ALJ did not harmfully err in discounting Jennings's testimony, because the ALJ offered "specific, clear and convincing reasons for doing so." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). Indeed, the ALJ provided several specific, clear and convincing reasons supported by substantial evidence for discounting Jennings's testimony, including: (1) Jennings's testimony was inconsistent with the objective medical evidence and the medical record as a whole, *see Carmickle*, 533 F.3d at 1161; (2) Jennings exaggerated his mental health and physical symptoms "for secondary gain, namely to receive additional VA disability benefits and to be approved for Social Security Administration disability benefits," *see Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); and (3) Jennings's daily activities contradicted his testimony, *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

---

[1]Jennings also argues that the ALJ erred by affording Dr. Hander's and Dr. Virji's opinions "great weight," because "they also did not review any medical evidence beyond September 2012." However, for the reasons discussed in connection with Drs. Regets and Postovoit, this argument fails.

[2] In his opening brief, Jennings summarizes certain medical findings and summarily concludes that these findings "support[] [his] testimony about his limitations." Because Jennings fails to specifically and distinctly argue these points, we do not address them. *See Carmickle*, 533 F.3d at 1161 n.2.

Though the ALJ also offered two erroneous reasons for discounting Jennings's testimony, Jennings fails to demonstrate that these errors were harmful where the ALJ offered several other specific, clear and convincing reasons that are supported by substantial evidence for discounting Jennings's testimony. *See Molina*, 674 F.3d at 1115.

3.      The ALJ gave a germane reason supported by substantial evidence for discounting the lay testimony of Vickie Jennings, Jennings's "estranged wife." *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). Indeed, Ms. Jennings's testimony largely expressed the same limitations described in Jennings's own testimony, which the ALJ discounted. Thus, because the ALJ offered specific, clear and convincing reasons for discounting Jennings's own testimony, and because the lay testimony repeated the same limitations, the ALJ provided a germane reason for rejecting Ms. Jennings's testimony, *see Valentine*, 574 F.3d at 694, and Jennings is unable to show harmful error, *see Molina*, 674 F.3d at 1115.

4.      The ALJ's RFC and step-five findings are supported by substantial evidence, because the ALJ reasonably weighed the record evidence and reasonably accounted for all of Jennings's limitations. Jennings's arguments to the contrary are simply derivative of his preceding arguments addressed and rejected above.

Thus, Jennings's arguments fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**