NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNNE HULSEY,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>        Defendant-Appellee. | No.   18-15549<br><br>D.C. No. 2:16-cv-03057-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Argued and Submitted November 15, 2019
San Francisco, California

Before: WARDLAW, W. FLETCHER, and LINN,[**] Circuit Judges.

Lynne Hulsey appeals the district court's grant of summary judgment, which

affirmed the Commissioner of Social Security's ("Commissioner") denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Hulsey's disability insurance benefits and supplemental security income.[1] Because the Commissioner's decision is supported by substantial evidence, we affirm. *See Tidwell v. Apfel*, 161 F.3d 599,601 (9th Cir. 1999).

1. Under Step 4 of the disability analysis, the Commissioner asks whether the claimant has the residual functional capacity to perform past relevant work. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003); 20 C.F.R. § 404.1520(a)(iv), (e)–(f). Hulsey, as the claimant, bears the burden of showing her inability to perform past relevant work. 20 C.F.R. § 404.1512(a). Past relevant work is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

Hulsey argues that neither her employment as a gambling cashier nor as a phlebotomist *lasted long enough* for her to learn the job and meet the durational requirement to qualify as past relevant work.[2] Although this durational issue is the heart of Hulsey's argument on appeal, she did not raise it before the agency. In her benefits request to the agency, she argued only a lack of residual functional capacity with regard to Step 4. The durational requirement argument is therefore waived.

---

[1]    For purposes of this case, the analysis of eligibility for Supplemental Security Income under 42 U.S.C. § 423(d)(1)(A) and for Disability Insurance Benefits under 42 U.S.C. § 1382c(a)(3)(A) is identical. We cite only one set of statutes and associated regulations in our analysis, but the analysis applies to benefits under both statutory schemes.

[2]    We need not and do not address whether Hulsey's past employment as a cashier-checker or bank teller constitute past relevant work under Step 4.

*See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Moreover, Hulsey made no argument at all with respect to her past work as a gambling cashier, and this argument, too, is waived.

2. Substantial evidence supports the finding of the Administrative Law Judge ("ALJ") that Hulsey retained sufficient residual functional capacity to perform "light" work under 20 C.F.R. § 404.1567(b). Hulsey contends that her residual functional capacity does not allow for *constant* over-head reaching or fingering, as required of a gambling cashier, or for *frequent* over-head reaching, as required of a phlebotomist, according to the Department of Labor's *Dictionary of Occupational Titles* ("*Dictionary*"). This contention is misplaced. First, with respect to fingering, the *Dictionary* requires only "frequent" fingering for the CASHIER, GAMBLING occupation. *Dictionary*, 211.462-022, 1991 WL 671843. Because Hulsey can perform frequent fingering with both hands, there is no apparent conflict between Dr. Amos's testimony and the *Dictionary*. Although the *Dictionary* notes that both the phlebotomist and gambling cashier occupations generally require frequent reaching, it does *not* indicate that those occupations require frequent *overhead* reaching or overhead reaching with the non-dominant arm. *Id.; id.* 079.364–022, 1991 WL 646858 ("Phlebotomist"). Thus, there is also no apparent conflict with the expert's testimony and the *Dictionary* with respect to Hulsey's non-dominant-hand overhead reaching ability. *See Gutierrez v. Colvin*, 844 F.3d 804, 806–08 (9th Cir.

3

2016) (holding that there was no apparent conflict between a vocational expert's testimony that plaintiff could perform the job of cashier despite her inability to reach above her shoulder and the *Dictionary* categorization as requiring frequent reaching because "not every job that involves reaching requires the ability to reach overhead," and "[c]ashiering is a good example.").

The ALJ and the district court did not err in failing to apply the medical vocational guidelines ("grids"). Our caselaw requires application of the grids "at the *fifth step* of the analysis under 20 C.F.R. § 404.1520." *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (emphasis added). The ALJ never reached Step 5, and Hulsey cites no authority requiring application of the grids at step 4.

Hulsey makes several arguments alleging error in the ALJ's finding that her mental impairments were non-severe under Step 2. These arguments have been carefully considered but have no merit.

**AFFIRMED.**

4