**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBERLEY JANEEN BENTLEY,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   18-17443

D.C. No. 2:17-cv-01629-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted May 13, 2020
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,** District
Judge.

Kimberley Bentley appeals from a district court order affirming the final

decision of an administrative law judge (ALJ) on behalf of the Commissioner of

Social Security (Commissioner). We have jurisdiction under 28 U.S.C. § 1291 and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

we vacate and remand.

Our review is "essentially the same as that undertaken by the district court." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), *as amended* (Jan. 26, 1999). Thus, we "reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Our review is confined to "the reasons provided by the ALJ in the disability determination and [we] may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

The ALJ determined that Bentley was not disabled for the purposes of receiving Disability Insurance Benefits under Title II of the Social Security Act. A five-step sequential evaluation governs eligibility for Disability Insurance Benefits. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* (Apr. 9, 1996). "A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe,[1] and (3) that her impairment meets or equals one of the specific impairments described in the regulations." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014) (alteration in original) (citation and internal quotation marks omitted). "If the impairment does not meet or equal one of the specific impairments described in

---

[1] An impairment is severe only if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past." *Id.* The fourth step considers the applicant's "residual functional capacity" and relevant past work. 20 C.F.R. § 404.1520(a)(4)(iv). "Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy." *Treichler*, 775 F.3d at 1096 n.1.

Bentley argues that the ALJ erred at the second step by failing to make a determination as to whether her diagnosed impairments of Borderline Personality Disorder ("BPD"), Post-Traumatic Stress Disorder ("PTSD"), Attention Deficit Disorder ("ADHD"), and ulnar neuropathy were severe or non-severe. The Commissioner concedes that the ALJ did not "explicitly mention[]" these diagnosed impairments in the second step, but argues that Bentley failed to carry her burden of establishing that these impairments were severe.

Although Bentley bears that burden, we cannot, as the Commissioner suggests, evaluate the severity of these ailments in the first instance. *See Pinto v. Massanari*, 249 F.3d 840, 847–48 (9th Cir. 2001) ("if the Commissioner's contention invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline"

because "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"). The district court erred in affirming the ALJ's denial based on Bentley's supposed failure to satisfy her burden regarding the severity of these impairments because the ALJ's decision did not rest on that ground. *See Garrison*, 759 F.3d at 1010 (courts may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely").

Where, as here, "the agency has not considered all relevant factors" the "proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099 (cleaned up). Because the ALJ failed to consider the severity of Bentley's BPD, ADHD, and PTSD impairments at step two, we vacate and remand with instructions for the district court to remand to the ALJ to conduct that analysis in the first instance.

The ALJ also erred by discounting the testimony of Dr. Thomas Andrews. The ALJ accorded Dr. Andrews's opinion "little weight" on the grounds that (1) Dr. Andrews is "not a mental health professional" and (2) the "extreme limitations" featured in his opinion "are not supported by the claimant's mostly mild mental status examinations and conservative treatment."

The ALJ's assertion that Dr. Andrews "is not a mental health professional" is simply false: Dr. Andrews is a psychiatrist who has seen Bentley regarding her BPD,

4

ADHD, and bipolar disorder diagnoses. The district court acknowledged that the ALJ incorrectly identified Dr. Andrews' qualifications, but found this misidentification to be harmless error. However, we do not consider this error to be harmless because we cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"—*i.e.* that Bentley was disabled. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (cleaned up).

Additionally, the ALJ's assessment of whether the record supports Dr. Andrews's opinion ignores the fact that Bentley received Global Assessment of Functioning (GAF) scores below 70 over a large number of visits, and this score's decline over time suggests significant mental disease. Because the ALJ discounted Dr. Andrews's testimony based on its incorrect assessment of his qualifications and by ignoring competent evidence, the ALJ has failed to provide "specific and legitimate reasons based on substantial evidence in the record," *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir. 1989). Thus, this determination must be vacated and revisited on remand.

The ALJ similarly erred by giving "partial weight" to Dr. Harold Budhram's opinions on the basis that he was not a mental health professional. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (holding it was "clearly erroneous" for magistrate judge to conclude that psychiatric evidence "must be offered by a Board-

certified psychiatrist"). The ALJ also discounted Dr. Budhram's opinion that Bentley would need 3 days off work per month on the grounds that it was "without substantial support in the record" and purportedly inconsistent with Dr. Budhram's opinion that Bentley could perform unskilled work. This too was error. At the outset, the ALJ's reasoning distorts the standard for treating physician opinions. "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ found that the record did not support Dr. Budhram's opinion, but identified no evidence that contradicted it. Dr. Budhram's other opinion that Bentley has a "limited to very good ability to perform unskilled work" is not inconsistent with her needing some time off each month. Accordingly, the ALJ's reason for discounting Dr. Budhram's testimony is neither clear nor convincing. On remand, the ALJ should reconsider whether to accord weight to Dr. Budhram's opinion in the absence of these errors.

The ALJ also erred by discounting Bentley's testimony. "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Here, the ALJ "found generally that the

6

claimant's testimony was not credible, but failed to identify which testimony she found not credible and why." *Id.* Accordingly, we conclude that the ALJ committed legal error and vacate this credibility determination and remand for consideration. *See id.*

Finally, the ALJ erred at the fourth step by failing to consider Bentley's ulnar neuropathy, ongoing stomach problems, BPD, and ADHD in assessing her residual functional capacity. In assessing residual functional capacity, the ALJ is obligated to consider "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2).

The Commissioner does not contest that the ALJ failed to address these impairments at step four, but instead argues that the ALJ was not required to consider work restrictions that he found did not exist. Although it is true that the ALJ can omit from its step-four analysis those limitations "that the ALJ found did not exist," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ did not make such a finding here. Accordingly, the Commissioner is suggesting that we "affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally," *Pinto*, 249 F.3d at 847–48. However, "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Id.*

7

Because the ALJ's discussion fails to discuss the impact of Bentley's ulnar neuropathy, ongoing stomach problems, BPD, and ADHD on her residual functional capacity, we remand with instructions for the ALJ to consider these impairments in the first instance, or, in the alternative, to expressly make a finding regarding whether these impairments are medically determinable. *See* 20 C.F.R. § 404.1545(a)(2). Additionally, on remand, if the ALJ decides to credit Bentley's testimony and/or accord weight to the opinions of Doctors Andrews and Budhram, such testimony should be considered in posing hypotheticals to the vocational expert.

However, we reject Bentley's request to remand for an award of benefits. "Because we conclude that critical factual issues remain unresolved, and that further proceedings will be useful, we instruct the district court to remand this case to the ALJ for further proceedings rather than for an immediate award of benefits." *Brown-Hunter*, 806 F.3d at 489.

**VACATED AND REMANDED.**